LEATRICE O. SUTTON et al., Respondents, *v.* HOLDEN A. EVANS, JR., Appellant.

First Department, November 26, 1957.

*John R. Davison* of counsel (*Peter E. Herzog* with him on the brief; *Louis J. Lefkowitz, Attorney-General*), for appellant.

*Sutton & Sutton* for respondents.

*Per Curiam.* The complaint alleges no facts to support the conclusory allegation that the arrest was illegal. The complaint must rest therefore on the validity of the legal proposition asserted that a person, not a police or peace officer, has no authority to make an arrest for a traffic offense.

We cannot accede to that proposition. Subdivision 29 of section 2 of the Vehicle and Traffic Law equates traffic infractions to misdemeanors for procedural purposes. This includes the procedures and authority for making an arrest (*Squadrito* v. *Griebsch*, 1 N Y 2d 471). We perceive no basis for the doubt expressed in the decision below concerning the applicability of the holding in the *Squadrito* case to an arrest made by a citizen.

Nor does the complaint allege any facts to support a suggestion that defendant failed to deliver plaintiff to a peace officer without unnecessary delay, as required by section 185 of the Code of Criminal Procedure.

The complaint is insufficient to state a cause of action. The order appealed from should be reversed and the complaint dismissed, with costs to appellant.

PECK, P. J., BOTEIN, FRANK, VALENTE and MCNALLY, JJ., concur.

Order unanimously reversed on the law, with $20 costs and disbursements to the appellant, and the motion granted, with $10 costs, and judgment is directed to be entered in favor of defendant dismissing the complaint, with costs.