Julian Hertz, J.
The defendant is charged with criminal impersonation, a violation of section 190.25 of the Penal Law. At the conclusion of the People’s case, the defendant made the instant motion to dismiss.
The defendant having waived a jury trial, the court received the sworn testimony of the arresting police officer who stated that, at about 4:00 a.m. on July 6, 1974, he was driving on Cortelyou Road near the corner of Flatbush Avenue, the County of Kings. He proceeded to the intersection of Ocean Avenue, where a Volvo station wagon, equipped with a dome light mounted on the dashboard and a cage partition separating the front seat from the rear portion of the vehicle, drew alongside the left of his vehicle. The officer observed the defendant motion for him to stop by the side of the road, which he did. The officer also noticed the defendant raise to his mouth what appeared to be a walkie-talkie, although the officer heard no sound emanating therefrom. All concerned remained in their respective vehicles. The defendant is then claimed to have addressed the officer out of the window, demanding to know where the hell he thought he was going and, further, whether the officer was aware that he had just passed a red light. The officer replied negatively to the question and then added his own interrogation as to whether the defendant and the driver of the automobile in which the defendant was a passenger were police officers. The defendant made an affirmative indication, which, at the officer’s request, was succeeded by the defendant flashing a shield. Thereupon, the officer inquired as to the nature of the shield and was told by the defendant that he was a “fire marshal.”
On redirect examination, the officer asserted that after the badge was displayed, the defendant gave no order or direction to the officer. The badge (which was obtained some days after this incident) identified the defendant as an honorary chief of *967 the State Fire Fighters, State of New York. At this point, the officer identified himself as a policeman. The driver of the vehicle in which the defendant was a passenger thereupon advised the defendant to make a note of the license plate number of the officer’s automobile and added that he would see that the officer lost his job. Then the vehicle in which the , defendant was riding departed the scene.
Section 190.25 of the Penal Law provides that: "A person is guilty of criminal impersonation when he * * * 3. Pretends to be a public servant, or wears or displays without authority any uniform or badge by which such public servant is lawfully distinguished, with intent to induce another to submit to such pretended official authority or otherwise to act in reliance upon that pretense.”
It would appear that the officer, by stopping his automobile, responded to the defendant’s direction in the belief or suspicion that the two persons in the other vehicle were police officers riding in an unmarked car or merely in recognition of the right of any citizen to enforce traffic laws and regulations (Squadrito v Griebsch, 1 NY2d 471; Sutton v Evans, 4 AD2d 580; see, also, CPL 140.30). Even assuming that the defendant claimed to be a police officer, he did so only after the officer had already stopped his automobile. Similarly, the defendant flashed the badge at the officer subsequent, and not prior to, the officer’s having halted his vehicle. Only after the officer had already heeded the defendant’s motion to stop did he observe the badge. Thereupon, the officer merely engaged in a verbal exchange with the defendant. At no time did he then do anything that can at all be construed as submitting "to such pretended official authority” or otherwise acting "in reliance upon that pretense.”
Accordingly, the People have clearly failed to demonstrate, prima facie, that the defendant violated section 190.25 of the Penal Law. Thus, the defendant’s motion to dismiss is granted.