**STATE of Missouri, Respondent,**

v.

**Jaysun FRANCIS, a/k/a/ Jayson Francis, Appellant.**

**No. WD 50902.**

Missouri Court of Appeals, Western District.

March 26, 1996.

Darren K. Wallace, Public Defender, Chillicothe, for appellant.

J. Jay Hemenway, Prosecuting Attorney, Mercer County, Princeton, for respondent.

Before HANNA, P.J., and SMART and ELLIS, JJ.

SMART, Judge.

Jaysun Francis was convicted of false impersonation, in violation of § 575.120, RSMo 1994.[1] Francis was sentenced to six months in jail, with a suspended execution of sentence, placed on unsupervised probation for two years, with the condition that he serve six days "shock time" in the county jail, and fined $100.00. Francis appeals from the trial court's judgment, claiming that the evidence was insufficient to convict him of the charged offense.

Judgment is affirmed.

The evidence viewed in the light most favorable to the verdict reveals that at approximately 2:00 a.m., on February 5, 1995, Tracy Robinson was driving south on Highway 65, leaving Lineville, Iowa and driving toward Mercer, Missouri. Her husband, David Robinson, was following her in a separate car. While she was driving on the highway, another car, driven by Jaysun Francis, began to follow her. The car Francis was driving displayed a flashing yellow light in the window. Francis also was causing the bright beam of his car's headlights to flash on and off. Believing that she was being pulled over by a police officer, Mrs. Robinson started to pull off the road, and Francis followed her. When Francis realized that another car, which was the car driven by Mr. Robinson, was pulling off the highway behind him, Francis pulled back onto the highway and drove off. As Francis pulled around Mrs. Robinson's car, she recognized the vehicle

and the person driving the vehicle. She testified that she did not know the driver by name, but that she had seen him around town where she worked. Mr. Robinson followed the vehicle and eventually was able to see the license plate number.

The license plate number was traced to a black Mercury, owned by a Kenneth Francis, Jaysun Francis' father. Mrs. Robinson identified Jaysun Francis as the driver of the vehicle that was following her with the flashing lights. On February 9, 1995, Francis was charged with one count of false impersonation. The trial court found Francis guilty. Francis was sentenced to six months in jail, with a suspended execution of sentence, placed on unsupervised probation for two years, with the condition that he serve six days "shock time" in the county jail, and fined $100.00. Francis appeals from the trial court's judgment.

In his sole point on appeal, Francis challenges the sufficiency of the evidence. Section 575.120 provides in pertinent part:

1. A person commits the crime of false impersonation if he:

(1) Falsely represents himself to be a public servant with purpose to induce another to submit to his pretended official authority or to rely upon his pretended official acts, and

(a) Performs an act in that pretended capacity; or

(b) Causes another to act in reliance upon his pretended official authority.

Francis claims that the trial court erred in finding him guilty of false impersonation because the state failed to prove that Francis had the intent or purpose to induce submission or reliance on any pretended authority and that the state failed to show that Mrs. Robinson acted in reliance upon the pretended official authority of Francis. In his brief, Francis quotes from the comment to § 575.120, which states: "The element of intended reliance is included because the offense is in the nature of fraud, and this eliminates the harmless practical joke situation. The requirement of an act being performed helps to distinguish innocent from

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

guilty conduct." Here, there was no evidence that this incident was in the nature of a practical joke, or that there was any innocent aspect of Francis' actions.

The evidence establishes that Mrs. Robinson was driving alone in a car at approximately 2:00 a.m. Francis was closely following Mrs. Robinson in a car with a flashing yellow light, while also flashing his bright beam headlights. Everything indicated that Francis was attempting to make Mrs. Robinson pull off and stop. Francis would have known that, due to the darkness, Mrs. Robinson could not see the person driving the vehicle behind her or distinguish the make of the vehicle. Francis' actions strongly suggest that he was representing himself to have official authority as a public servant with the purpose of inducing Mrs. Robinson to submit to his pretended authority. Mrs. Robinson acted in reliance upon Francis' pretended authority by pulling her vehicle off the highway onto the shoulder. She testified that she had been pulled over by a police officer before and that when she saw the flashing lights on Francis' vehicle, which was following close behind her, she believed a police officer was pulling her over. The elements required to support a conviction under § 575.120 are present in this case. Francis cites the case of *People v. Karp*, 80 Misc.2d 965, 365 N.Y.S.2d 414 (Crim.Ct.1975), a decision of the criminal court of the City of New York, in support of his position that the evidence was insufficient. In *Karp*, the person who was signaled to pull over was a police officer himself (apparently off duty). The defendant demanded, in abusive terms, to know where the officer thought he was going, and asked him whether he knew he had run a red light. The officer asked if defendant were a police officer, to which the defendant made an affirmative response, then indicated he was a "fire marshal." *Karp*, 365 N.Y.S.2d at 415. After the officer identified himself as a police officer, defendant replied that he would see that the officer lost his job, and drove on. The decision in *Karp* is not persuasive, because in that case the court focused its analysis on the dialogue after the vehicles stopped rather than on the defendant's act of causing the driver to pull over and stop, finding that the

"victim" of the impersonation (the officer) was not given any instructions by the defendant after being stopped. *Id.*, 365 N.Y.S.2d at 416. The court did not discuss whether signaling to the car to stop amounted to an attempt to cause the driver to submit to the defendant's pretended official authority. Our analysis in this case, in contrast, focuses on the actions of defendant Francis which caused Mrs. Robinson to pull over and stop. There is no evidence as to specifically what Francis intended to do after stopping Mrs. Robinson, but in view of the fact that the incident occurred at 2:00 a.m. on a rural highway, and in view of the fact that Francis took off when he realized he would not be alone with Mrs. Robinson, we find nothing to suggest that this was a practical joke. We conclude that the evidence supports the finding of guilt. The trial court did not err in finding Francis guilty of false impersonation.

Judgment is affirmed.

All concur.